IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:15-CR-9-5H
No. 2:20-CV-5-H

ADRIENNE MOODY,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on petitioner's pro se motion to vacate pursuant to 28 U.S.C. § 2255, [DE #915]. The government filed a motion to dismiss, [DE #922], to which petitioner responded, [DE #932]. Petitioner was released on home confinement as of letter from petitioner filed July 2, 2020. [DE #961]. This matter is ripe for adjudication.

## BACKGROUND

On February 9, 2016, petitioner pled guilty pursuant to a written memorandum of plea agreement, to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (Count One). On June 15, 2017, the court sentenced petitioner to a total term of imprisonment of 87 months. Judgment was entered on June 28, 2017. Petitioner did not appeal.

On January 27, 2020, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, [DE #915], arguing counsel rendered ineffective assistance, [DE #915 at 4]. Specifically, petitioner contends that "counsel stated he would object and make argument[s] in relation to my enhancement," [DE #915 at 4, 10]; petitioner plead guilty to an offense that was not "listed as a charged offense," [DE #915 at 4]; a two-level enhancement was applied for a firearm as well as a three-level enhancement for her role in the offense, [DE #915 at 4]. Petitioner also contends her due process rights were violated because she did not review the plea agreement and her counsel told her to lie because it "would delay and cause anger," [DE #915 at 5]. In her response, petitioner contends, she "was never given notice of nor had any knowledge of the superseding information," to which she pled guilty to count one. [DE #932 at 1]. Petitioner also contends counsel told her she "would not be charged or enhanced with a firearm violation." [DE #932 at 1].

The government contends petitioner's motion to vacate should be dismissed because it is untimely; precluded by the appeal waiver; procedurally defaulted; and fails to state a claim for relief. [DE #923 at 1].

## COURT'S DISCUSSION

The timeliness of petitioner's motion is governed by 28 U.S.C. § 2255(f). The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's judgment was entered on June 28, 2017. [DE #806]. Petitioner did not file an appeal, and therefore her judgment became final when the 14-day appeal period expired following entry of judgment. Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Osborne, 452 F. App'x 294, 295 (4th Cir. 2011) (unpublished) (finding petitioner had one year from the date his judgment became final, that is, "fourteen days from the date when judgment was 'entered on the criminal docket' in which to appeal the judgment") (citing 28 U.S.C. § 2255(f)(1); Clay, 537 U.S. at 532; Fed. R. App. P. 4(b)(1),(6)); but cf. United States

v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) (holding judgment became final on the date judgment was entered, that is "the date upon which he declined to pursue further appellate review."). The court notes petitioner's § 2255 motion was not filed until January 27, 2020, more than two years after the judgment became final.

Petitioner contends her motion is timely because "I just learned that my counsel was wrong to not go over plea prior to pleading. Also, I don't see convicted offense as original charged offense during my recent team meeting in jail 12/30/2019. Also, counsel never objected to enhancements as he stated he would." [DE #915 at 10]. However, petitioner's conclusory allegation that she "just learned that [her] counsel was wrong" to not review the plea agreement with her and telling her to lie about reviewing it, is not sufficient to overcome her untimeliness. Likewise, her allegations that she didn't "see convicted offense as original charged offense," at her team meeting in jail and that counsel failed to object, also do not overcome untimeliness. As stated above, 28 U.S.C. § 2255(f)(4) provides the statute of limitations shall run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Petitioner has not demonstrated that by her exercise of due diligence she has discovered the facts supporting her claim. Therefore, petitioner

4

has not supported her argument that her motion is timely pursuant to 28 U.S.C. § 2255(f)(4).

Finding petitioner has not demonstrated timeliness under 28 U.S.C. § 2255(f)(1), (4) or any additional subsection of 28 U.S.C. § 2255(f), petitioner's motion is untimely.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #922], is GRANTED. Petitioner's motion to vacate, [DE #915], is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 10th day of August 2020.

                                        Malcolm J. Howard
                                        Senior United States District Judge

At Greenville, NC
#35